IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                                          **DECISION  AND ORDER**

                                                                            09-CR-0096(S)(M)

ALEX KOSCHTSCHUK, et al.,

                                    Defendants.

_____

## INTRODUCTION

The government has moved to quash a March 28, 2011 subpoena *duces tecum*

issued by defendants to the Federal Bureau of Investigations ("FBI") [482].[1]  This motion, being

non-dispositive, has been referred to me by Hon. William M. Skretny for a  Decision and Order

[108].  For the following reasons, I order  that the government's motion to quash be denied.


## BACKGROUND

The parties are familiar with the background of this case.  My March 10, 2011

Decision and Order [466], which was adopted by Judge Skretny [504], concluded that defendants

had made a sufficient preliminary showing to entitle them to 1) a hearing on their  motion to

dismiss for outrageous government conduct arising from the involvement of David Ignasiak, the

government's cooperating witness,  in the August 20, 2008 assault of Eugene Siminski, and 2) a

Franks hearing to explore the veracity of FBI Special Agent Kenneth Jensen, Jr.'s representations

concerning Ignasiak's involvement in the August 20 assault, as well as his other representations

concerning the necessity for electronic surveillance of the Chosen Few Motorcycle Club's

_____

[1]        Bracketed references are to CM-ECF docket entries.

("CFMC") clubhouse.

In preparation for the hearing, defendants have subpoenaed certain documents from the FBI. Government's Notice of Motion [482], attachment.  The government responds that certain documentation requested in the subpoena should be quashed as  moot  because it has either produced responsive documents or it is not in possession of responsive documents. Government's Memorandum of Law [485], pp. 1-2; Bruce Affidavit [483], pp. 2-4; Palmer Affidavit [484], p.2.   With respect to the remaining subpoenaed documents, the government argues that defendants are not entitled to them because they seek internal government documents, which are beyond the scope of pretrial discovery as authorized by Fed. R. Crim. P. ("Rule") Rule 16, and do not constitute exculpatory material under  Brady v. Maryland, 373 U.S. 83 (1963) Id., pp. 4-10.

**ANALYSIS**

Generally, "discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"  is not discoverable. Rule 16(a)(2). This privilege is conditioned on Rule 16(a)(1)(E)(I), which permits discovery of documents  "material to preparing the defense".  Relying on United States v. Armstrong, 517 U.S. 456 (1996), the government argues that neither a claim of  outrageous government conduct nor a Franks claim constitute a "defense" for purposes of Rule 16(a)(1)(E)(I). Government's Memorandum of Law [485], p. 5.

In Armstrong, the Supreme Court addressed discovery demands related to a

motion to dismiss for selective prosecution.  517 U.S. at 462-64.[2]    It held that the discovery was

not discoverable under Rule 16, because "[w]hile it might be argued that as a general matter, the

concept of a  'defense' includes any claim that is a 'sword,' challenging the prosecution's conduct

of the case, the term may encompass only the narrower class of 'shield' claims, which refute the

Government's arguments that the defendant committed the crime charged." Id. at 462. Although

the court found that a selective prosecution claim was not a defense against the government's

case in chief, and thus not discoverable under Rule 16,[3] it held that this "discovery would be

available if the defendant could make the appropriate threshold showing" on its selective

prosecution claim.  Id. at 463.[4]

Thus, while defendants may not be entitled to the discovery sought in the

subpoena under Rule 16, they may obtain such discovery based upon their threshold showing in

support of their claims for dismissal for outrageous government conduct and for a Franks

hearing. *See*  United States v. Berrios,  501 F.2d 1207, 1211 (2d Cir.  1974)("Clearly the

defendants are not entitled under Rule 16 . . . to disclosure of the government records sought by

them, since Rule 16(b) expressly exempts from discovery 'reports, memoranda, or other internal

government documents made by government agents in connection with the investigation and

---

[2]     Armstrong was decided under an earlier version of Rule 16, which used the language "material to the preparation of the defendant's defense",  rather than the current version, which uses "material to preparing the defense".

[3]     *Compare with* United States  v. Pesaturo, 519 F.Supp.2d 177, 190 (D.Mass. 2007) (ordering production of Form 302 reports of informant debriefings discoverable under Rule 16 to support entrapment defense).

[4]     "[D]efendant's outrageous governmental misconduct claim is at least roughly analogous to the selective prosecution claim brought in *Armstrong*." United States v. Ail, 2007 WL 1229415, *3 (D.Or. 2007).

prosecution of the case . . .' Upon an adequate preliminary showing of relevancy, however, the

district court may hold a hearing upon a motion raising defenses or objections. . . ., and issue a

subpoena directing the government to produce books, papers or records for introduction at the

hearing, Rule 17(c)");   Ail, 2007 WL 1229415 at  *3 ("although discovery in a criminal case is

limited to information that is material to the 'defendant's response to the Government's

case-in-chief,' a defendant may obtain additional discovery if there is a credible showing of

'some evidence' that the government has engaged in misconduct which violates due process");

United States v. Griggs,  2009 WL 3838022, *4 (D.Colo. 2009)("Following the teaching of

*Armstrong*, a right to discovery pertinent to these issues does not arise under Rule 16, and in

order to obtain discovery from the Government, Defendants must present some evidence

supporting their allegations").

As defendants argue, "the fact that a hearing has been ordered on the issue of the

government's involvement in the actions of David Ignasiak separates this case from the routine

Rule 16 dispute."  Defendant Utz's Memorandum of Law [492], p. 2. It is this fact that also

distinguishes  this case from the authorities relied upon by the government. *See, e.g.*, United

States v. Krall, 2009 WL 2394288, *5 (E.D.Pa. 2009)(granting motion to quash where

"[d]efendant merely believes that it is 'likely' that the documents contain information helpful to

his suppression argument and helpful to satisfying his burden of making a substantial preliminary

showing for a *Franks* hearing").

I  also agree with defendants that they are entitled to at least some of the

subpoenaed  documents under Brady. Defendant Utz's Memorandum of Law [492], p. 3. "The

informant's cooperation agreement (as well as any promises, rewards or inducements made to

him) are exculpatory under *Brady* . . . . The information concerning the informant's cooperation

with the Government is significant and helpful to the Defendant in that it suggests a motive for

him to engage in the improper conduct which the Defendant has alleged, under oath. It supports

the Defendant's proffered entrapment defense, which itself attacks an essential element of the

Government's case- i.e., the Defendant's state of mind. Without evidence of the terms of the

informant's relationship with the Government, i.e. any evidence establishing the informant's

motive, in this case, there is a reasonable probability of a different outcome. Thus, in light of the

Defendant's entrapment defense, the information is exculpatory and material under *Brady*".

Pesaturo, 519 F.Supp.2d at 190.

Beyond its challenge to the production of the subpoenaed documents pursuant to

Rule 16 and Brady, the government does not "dispute that [the subpoenaed items] just might be

material to preparing an 'outrageous governmental conduct' claim or preparing for a so-called

*Franks* hearing."Government's Memorandum of Law [485], p. 5.[5]  Therefore,  the government's

motion to quash is denied.[6]

Notwithstanding the government's failure to specify which documents it contends

are beyond the scope of the hearing, I have indicated both in my March 10, 2011 Decision and

Order [466], and in proceedings on April 19, 2011 [507], that the scope of the hearing will be

---

[5]     However, in contradiction to this position, the government also argues that "[k]nowing
the limited scope of the hearing, defense counsel have nevertheless crafted a subpoena that, if enforced,
would grant counsel unprecedented access to the government's -and- primarily the FBI's- investigative
file." Government's Memorandum of Law [485], p. 3.  Nevertheless, the government fails to specifically
identify which subpoenaed documents exceed the scope of the hearing.

[6]     Although the government asks that I quash the subpoena as moot where it calls for
documents that do not exist (government's reply [498], p. 8, n.4), at this stage it is unclear whether
defendants are satisfied with this response. Thus, I am reluctant to quash these aspects of the subpoena.

limited to certain issues, and will not be allowed to become a "mini-trial" or a license for

defendants to get a preview of the government's entire case. With those concerns in mind, by

separate Text Order issued today [510],  I am limiting the initial production of documents, and

imposing conditions upon the release of those documents. As the hearing progresses, I will

entertain argument as to whether additional documents should be produced.


## CONCLUSION

For these reasons, and subject to the conditions discussed herein, the

government's motion to quash [482] is denied.


**SO ORDERED.**

DATED:        April 22, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge